952 P.2d 1241

Daryl TUTTLE, Plaintiff–Appellant,

v.

WAYMENT FARMS, INC., an Idaho corporation, and Sudenga Industries, Inc., an Iowa corporation, Defendants–Respondents.

No. 24076.

Supreme Court of Idaho,
Twin Falls, November 1997 Term.

Jan. 13, 1998.

E. Lee Schlender Chtd., Hailey; Raymundo G. Pena, Rupert, for appellant. Raymundo G. Pena argued.

Benoit, Alexander, Sinclair, Harwood & High, Twin Falls, for respondent Wayment Farms, Inc. Thomas B. High argued.

Hall, Farley, Oberrecht & Blanton, Boise, for respondent Sudenga Industries, Inc.

JOHNSON, Justice.

This is a personal injury case. We conclude that the trial court did not abuse its discretion in denying additur or a new trial and in allowing collection of costs from money deposited with the trial court. We conclude that the trial court incorrectly reduced the jury's damage award by the amount of a settlement made by a defendant before trial.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

On May 9, 1991, Daryl Tuttle (Tuttle) was injured in an accident arising out of his employment with Wayment Farms, Inc. (Wayment). On June 17, 1991, Tuttle sued Wayment, Sudenga Industries, Inc. (Sudenga), the manufacturer of the equipment that caused his injuries, and Wes's, Inc. (Wes's), the seller and installer of the equipment. The trial court granted summary judgment dismissing Tuttle's claim against Sudenga. On appeal, this Court vacated the summary judgment in *Tuttle v. Sudenga Industries,*

*Inc.*, 125 Idaho 145, 868 P.2d 473 (1994) (*Tuttle I* ) and remanded the case to the trial court for further proceedings.

On June 11, 1993, while *Tuttle I* was pending before this Court, Tuttle settled with Wes's for $38,500. After this Court issued its opinion in *Tuttle I,* the case proceeded to trial against Wayment and Sudenga. On March 28, 1995, the jury returned a verdict apportioning negligence that caused Tuttle's injuries, as follows: Wayment 60%, Tuttle 40%, Sudenga 0%, and Wes's 0%. The jury determined Tuttle's damages to be $175,000. After deducting forty per cent of this amount for Tuttle's comparative negligence, the trial court reduced the jury's damage award by an additional $38,500, representing the settlement Tuttle made with Wes's. The trial court awarded costs to Sudenga, as a prevailing party, and ordered payment of these costs out of funds deposited by Wayment in satisfaction of the judgment. Tuttle requested that the trial court increase the award of damages to him by granting an additur or, in the alternative, grant a new trial. The trial court denied both requests.

Tuttle appealed and this Court assigned the case to the Court of Appeals. Following an opinion of the Court of Appeals, this Court granted review.

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING ADDITUR AND A NEW TRIAL.

Tuttle asserts that the trial court should have granted additur or a new trial pursuant to rule 59(a)(5) of the Idaho Rules of Civil Procedure (I.R.C.P.) or a new trial pursuant to I.R.C.P. 59(a)(6). We conclude that the trial court did not abuse its discretion in denying these requests.

■ We will not overrule the rulings by a trial court concerning request for an additur or a new trial pursuant to I.R.C.P. 59(a)(5) or a request for new trial pursuant to I.R.C.P. 59(a)(6) where the trial court stated the reasons for its ruling with sufficient particularity, unless the bases for the ruling is obvious from the record, and where the trial

court did not abuse its discretion. *O'Dell v. Basabe,* 119 Idaho 796, 806–07, 810 P.2d 1082, 1092–93 (1991). In reviewing an exercise of discretion, this Court must consider:

> "(1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason."

*Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

■ To uphold a ruling under I.R.C.P. 59(a)(5), it must be evident that the trial court (1) contemplated what it would have awarded if it had been the finder of fact and (2) determined that any difference between the jury award and what the trial court would have awarded is not so great as to show a verdict based on prejudice or passion. *Barnett v. Eagle Helicopters, Inc.,* 123 Idaho 361, 365, 848 P.2d 419, 423 (1993).

■ To uphold a ruling under I.R.C.P. 59(a)(6), it must be evident that the trial court weighed the evidence and determined that the verdict is supported by that evidence. *Bott v. Idaho State Bldg. Auth.,* 128 Idaho 580, 590, 917 P.2d 737, 747 (1996).

■ In denying additur or a new trial pursuant to I.R.C.P. 59(a)(5), the trial court concluded "that the disparity in the amount that the court would have awarded, in comparison to the jury verdict of $175,000, is not so inadequate as to appear that the jury award was given under passion or prejudice." This statement fulfills the trial court's responsibility under I.R.C.P. 59(a)(5) and indicates that the trial court did not abuse its discretion in denying additur or a new trial.

■ In denying a new trial pursuant to I.R.C.P. 59(a)(6), the trial court stated:

> The court determines that there is sufficient evidence to support the jury finding of forty percent (40%) negligence on the part of the plaintiff. The plaintiff was aware of the removal of the covers of the auger and had worked around them for some time. Further, the plaintiff was planning on leaving for the weekend and

**108**

could have been trying to finish his work too quickly. Furthermore, the plaintiff was attempting to move the tube auger without help. Therefore, the court concludes that there was sufficient evidence to support the jury verdict and that an injustice will not occur if the verdict stands.

This demonstrates that the trial court fulfilled its responsibilities under I.R.C.P. 59(a)(6) and did not abuse its discretion in denying a new trial.

### III.

### THE TRIAL COURT SHOULD NOT HAVE REDUCED THE JURY'S DAMAGE AWARD BY THE SETTLEMENT AMOUNT PAID BY WES'S.

Tuttle asserts that the trial court should not have reduced the jury's damage award by the $38,500 paid by Wes's in settlement. We agree.

In making the reduction, the trial court relied on both section 6–805 and section 6–1606 of the Idaho Code (I.C.). We first address whether it is appropriate to consider the reduction under both of these statutes.

 It is well established that "[a] specific statute ... controls over a more general statute when there is any conflict between the two or when the general statute is vague or ambiguous." *Ausman v. State,* 124 Idaho 839, 842, 864 P.2d 1126, 1129 (1993). I.C. § 6–805 deals with the effect of the release of one tortfeasor on the liability of others. I.C. § 6–1606 prohibits double recoveries from collateral sources. In terms of the settlement of Tuttle's claim against Wes's, I.C. § 6–805 is a more specific statute than I.C. § 6–1606. Although the trial court reached the same result applying each of these statutes, there is potential conflict between the two because of the difficulty in determining whether the payment by Wes's was an amount received by Tuttle from a "collateral source." This convinces us that I.C. § 6–805 controls in this case. We must then consider which version of I.C. § 6–805 we should apply.

Tuttle filed his lawsuit against Wayment, Sudenga, and Wes's on June 17, 1991. At that time, I.C. § 6–805 provided that a release of one tortfeasor will reduce any ultimate recovery by the amount of the prior settlement and release. *See Curtis v. Canyon Highway Dist. No. 4,* 122 Idaho 73, 79, 831 P.2d 541, 547 (1992), *overruled on other grounds by Lawton v. City of Pocatello,* 126 Idaho 454, 886 P.2d 330 (1994). On July 1, 1991, an amended version of I.C. § 6–805 became effective. This version states that a release of one tortfeasor will only reduce the settlement obtained from another tortfeasor if the release so provides. Tuttle and Wes's entered into a settlement and signed a release on June 11, 1993. The release did not state that it would reduce any eventual recovery by Tuttle.

 We conclude that it is the version of I.C. § 6–805 that existed at the time Tuttle and Wes's settled that should be applied in this case. Statutes that do not create, enlarge, diminish or destroy contractual or vested rights operate retrospectively. *City of Garden City v. City of Boise,* 104 Idaho 512, 515, 660 P.2d 1355, 1358 (1983). None of the parties had any contractual or vested rights in the application of the version of I.C. § 6–805 that existed before July 1, 1991. The settlement between Tuttle and Wes's did not occur until almost two years later. Although substantive changes in a statute may not be given retroactive effect, remedial and procedural amendments should be applied retroactively. *Jensen v. Shank,* 99 Idaho 565, 566–67, 585 P.2d 1276, 1277–78 (1978). In considering whether the 1991 amendment of I.C. § 6–805 was substantive or remedial, we may consider the statement of purpose that accompanied the initial draft of the bill. *State v. Talavera,* 127 Idaho 700, 705, 905 P.2d 633, 638 (1995). The statement of purpose for the 1991 amendment of I.C. § 6–805 stated:

Joint and several liability was eliminated for most actions arising after 1987. In multiple defendant cases prior to 1987, a single defendant was free to settle and, under Section 6–805, the amount paid in settlement would be credited to all other nonsettling defendants. When joint and

 

several liability was eliminated, Section 6–805 was not changed, and this has created an irregularity in the law and made settlements more difficult. Under the present system, in multiple defendant cases, each defendant only pays its pro rata share of the total damages and, therefore, should not be entitled to any credit for the pro rata share paid by another defendant in settlement. The proposed amendments to Section 6–805 eliminate this problem and make the section consistent with the prior elimination of joint and several liability.

This makes it clear that the purpose of the amendment was remedial and not substantive. Therefore, the 1991 version of the statute should be applied. This version dictates that the jury's damage award not be reduced by the amount of Wes's settlement because the release did not so provide.

## IV.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ALLOWING SUDENGA TO RECOVER ITS COSTS OUT OF WAYMENT'S DEPOSIT.

▊ Tuttle asserts that the trial court should not have allowed Sudenga to recover the costs the trial court awarded it out of the amount Wayment deposited with the trial court. We conclude that the trial court did not abuse its discretion in doing so.

Once a party has made a deposit of a sum of money with the trial court, the money may be "withdrawn, subject to the further directions of the court...." I.R.C.P. 67. This is a matter left to the discretion of the trial court. In this case, the trial court directed that a portion of the funds deposited by Wayment for the benefit of Tuttle be withdrawn to pay the costs awarded to Sudenga. In doing so, the trial court did not abuse its discretion. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho at 94, 803 P.2d at 1000.

## V.

### CONCLUSION

We affirm the trial court's denial of additur or a new trial and allowing Sudenga to collect its costs out of the amount deposited with the trial court.

We reverse the trial court's reduction of the jury's damage award by the amount of Wes's settlement with Tuttle.

Because of the mixed result, we award no costs to Tuttle or Wayment.

We award costs on appeal to Sudenga. Because we conclude that Tuttle brought and pursued his appeal against Sudenga frivolously, unreasonably, and without foundation, we award attorney fees on appeal to Sudenga pursuant to I.C. § 12–121, but only up to the time this Court granted review of the decision of the Court of Appeals because Sudenga has not participated in the proceedings since then before this Court.

TROUT, C.J., SILAK and SCHROEDER, JJ., and WOODLAND, J. Pro Tem., concur.