953 P.2d 984

**John FLOYD, Leon Dance, Mindy Jo Collier f/b/o Mindy Jo Collier Trust, Plaintiffs–Respondents,**

v.

**BOARD OF COMMISSIONERS OF BONNEVILLE COUNTY, Idaho, Governing Body of a Political Subdivision of the State of Idaho, Defendant–Appellant.**

**and**

**State of Idaho Department of Fish and Game, Intervenor–Appellant.**

**Nos. 22945, 23019.**

Supreme Court of Idaho,
Boise, January 1998 Term.

March 20, 1998.

McGrath, Marotz & Smith, Idaho Falls, for appellant Board of Commissioners of Bonneville County. Stephen J. McGrath argued.

Alan G. Lance, Attorney General, William S. Whelan, Deputy Attorney General, Boise, for appellant State of Idaho Department of Fish and Game. William S. Whelan argued.

Milleman, Pittenger & McMahan, McCall, for respondents. Steven J. Milleman argued.

SILAK, Justice.

This is an appeal from a decision by the district court quieting title in favor of the respondent property owners in a road that traverses their property. The district court's decision reversed the decision of a validation hearing conducted by the Board of Commissioners of Bonneville County (Commission-ers) which held that the road was a public road. The Commissioners and the State of Idaho Department of Fish and Game appeal, alleging, among other things, that the district court applied an incorrect standard of review in reviewing the Commissioner's decision. We vacate the decision of the district court and remand this case for further proceedings consistent with this opinion.

## I.

### FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

The facts which follow are taken from the district court's opinion. The respondents (the Landowners) own a ranch (the property) in the Antelope Valley area east of Idaho Falls. They purchased this property on September 22, 1989, from the Farm Credit Bank of Spokane. Previously, this property was owned by the Weeks Brothers, Inc. This property is crossed by the Antelope Creek Road (ACR), which has been in existence since the early 1900s.

There are two distinct segments of the ACR. The first segment is approximately 4.55 miles in length and is located directly north of the property. The status of this segment is not an issue in this appeal. The segment of the ACR in issue is the section which traverses the property previously owned by the Weeks Brothers, Inc. This road is considered to be part of the "loop." The "loop" consists of the road which runs south from the current Highway 26 and across the property, then continues west to connect with Highway 26. The ACR provides access to the Caribou National Forest, the Tex Creek Wildlife Management Area and other land owned by the State of Idaho.

On December 11, 1939, the Commissioners expressly abandoned the entirety of the disputed segment of the road. Then, in late 1949, the Weeks Brothers Inc. obtained a default judgment against Bonneville County ("County") quieting title in all the property owned by the Weeks Brothers, Inc.

In the early 1950s, the ACR was improved by County employees at the County's expense, at the decision of the Commissioners.

After completion of improvements, the road was traversable by passenger vehicles. The County maintained the ACR from the early 1950s until 1972. During this period, the owners of the property also performed maintenance work on the road. Had the County graders not graded the ACR, and used the "loop," the graders would have had to backtrack out to Highway 26 to maintain the two connected roads. This would have added considerable time to the maintenance of the roads. The County stopped maintaining the ACR after 1972.

The ACR appeared on the Road Inventory Maps prepared by the Idaho Department of Transportation ("Transportation Department") in 1961 and 1971. It appeared on the map marked in green which indicated the road was "primitive." A "primitive" road was defined as "an unimproved route (on which there is no public maintenance) usable by four-wheel vehicles and publicly traveled by small numbers of vehicles." Neither the 1961 nor 1971 maps is signed by the Commissioners or the County engineer. The first year the Transportation Department conducted the "Blue Roads" map system was 1977. This was the first formal request by the Transportation Department to the County to confirm the roads on the map were County roads. On the map, all roads colored blue were deemed County roads. When the map was submitted to the County the ACR was coded blue. After meeting with the Transportation Department, the Commissioners, the County Road and Bridge Supervisor, and the County Engineer, the road was marked in yellow, which is defined as "deleted or abandoned." From 1984 until 1990, the west segment of the ACR was deleted from the maps altogether.

In the late 1960s, gates were placed at the north and west entrances of the property. These gates generally remained closed and had to be opened and re-closed by members of the public who crossed the road. During this time frame, the County had a policy against closed gates on County roads. The gates remained on this road for over twenty years, although this road was not on the "Gated Roads" sheet that listed all gated roads that the County claimed were County roads.

In the early 1970s, the roads connected by the ACR were placed in different maintenance districts. In 1974, signs were placed on the property by the owners of the property, indicating that the road was private and that the County had refused to maintain the road. One of the signs remained in place until after the property was purchased by the Landowners in 1989. The County Assessor's Map shows that the owners of the property have been assessed on the full acreage without any reduction for a County road passing through the property. The road, however, continued to be used extensively by the public until 1989. The road was used to access State land, as part of an organized snowmobile race and for local farmers, among other things.

In preparation for the property to be sold, the Commissioners were asked to formally declare the disputed segment of the road as a County road. The Commissioners denied this request. In a meeting on November 15, 1989, the Commissioners acknowledged that the disputed segment of the road was abandoned and was a private road, although the County did not conduct a formal process of abandonment.

On May 29, 1991, the Commissioners instituted a validation proceeding as to the status of the ACR. After the hearing, the Commissioners validated the ACR as a public road. The Landowners appealed to the district court.

On June 15, 1995, the district court ruled that the trial would be held *de novo* because of the bias of the Commissioners. The court further ruled that recently enacted Idaho Code § 40–208, which limits the scope of judicial review of a decision by a board of county commissioners or highway district commissioners, would adversely affect the substantive rights of the Landowners if applied retroactively, and determined that the statute would not be applied in this case. The district court also ruled that the Landowners would not be held to a stipulation made at the validation proceeding because stipulations were not binding on a court's *de novo* review, and because it would be inequi-

table to bind the Landowners to their stipulation. Additionally, the district court ruled prior to trial which statute would be applied to determine if the ACR had been abandoned. After a bench trial, the district court held that the ACR never became a public road because of lack of proof of intent on the part of the State and the County, and, in the alternative, that it was subsequently abandoned in 1977. This appeal followed.

## II.

## ISSUES ON APPEAL

The appellants raise the following issues on appeal:

(1) Whether the district court erred in failing to limit the scope of its review to the record of the validation hearing.

(2) Whether the district court erred in relieving the respondents from their stipulation and admissions that the ACR was a public road, at least until the mid–1970s.

(3) Whether the district court erred in failing to find that the ACR became a public road by virtue of public use and maintenance.

(4) Whether the district court erred in finding that the ACR was abandoned in 1977 in the absence of County compliance with statutory road abandonment procedures.

The respondents add the following issue on appeal:

(5) Whether the Landowners are entitled to costs and attorney fees on appeal.

## III.

## THE DISTRICT COURT SHOULD HAVE APPLIED THE LIMITED JUDICIAL REVIEW OF IDAHO CODE SECTION 40–208 TO THIS PROCEEDING

█ I.C. § 40–208 was adopted by the Idaho Legislature in 1993, while this appeal was pending in the district court and several years before the district court held a hearing on the merits of this case. The validation hearing in this appeal, however, was commenced on May 29, 1991, some two years before the statute was adopted. The issue

presented is whether the statute should have been applied to this proceeding. Whether a statute applies is a matter of law. Issues of law are freely reviewed by this Court. *Henderson v. Smith,* 128 Idaho 444, 447, 915 P.2d 6, 9 (1996). This Court is not bound by the district court's legal conclusions and is free to draw its own conclusions from the evidence presented. *Kootenai Elec. Co–op., v. Washington Water Power,* 127 Idaho 432, 435, 901 P.2d 1333, 1336 (1995).

I.C. § 40–208 governs the standard of review for judicial review of decisions by a board of county or highway district commissioners. I.C. § 40–208(7) reads in relevant part that "[t]he court shall not substitute its judgment for that of the commissioners as to the weight of the information on questions of fact." This statute does not allow for a *de novo* review of the Commissioners' decision. It allows for the reviewing court to affirm the decision or remand the case to the Commissioners for further proceedings. Additionally, it allows the decision to be reversed or modified in limited circumstances such as if the decision is affected by statute, error of law, is clearly erroneous in view of the whole record, or is arbitrary or capricious. I.C. § 40–208(7). The statute specifically limits the review to the record and allows proof outside the record in only two situations: (1) the court can review additional information if there are alleged irregularities in the procedure before the Commissioners; and (2) the court can order additional information presented to the Commissioners if the information is material and there was good reason for failure to present the information in the first proceeding before the Commissioners. I.C. § 40–208(6); I.C. § 40–208(5).

█ Prior to the enactment of I.C. § 40–208, I.C. § 31–1512 applied to judicial review of Commissioners' decisions. I.C. § 31–1512 required that upon appeal, the matter be heard anew. I.C. § 31–1512 (repealed 1994). The district court held that the trial would be heard *de novo* because to remand the case to the Commissioners would result in a possible bias to the Landowners, and application of I.C. § 40–208 retroactively would adversely affect the substantive rights of the Landowners because it would deprive the Landowners

of their vested right to a full hearing on all the evidence. Consequently, the district court applied I.C. § 31–1512 and heard the case *de novo*. The appellants' argue that this holding was in error and that I.C. § 40–208 should have been applied because I.C. § 40–208 is procedural in nature and that the Landowners do not have a substantial vested right in a particular standard of review. We agree.

█ Statutes will not be applied retroactively absent express legislative intent to do so. *Gailey v. Jerome County*, 113 Idaho 430, 432, 745 P.2d 1051, 1053 (1987). A statute which is procedural or remedial and does "not create, enlarge, diminish or destroy contractual or vested rights, is generally held not to be a retroactive statute, even though it was enacted subsequent to the events to which it applies." *Id.* at 432–33, 745 P.2d at 1053–54; *see also, Tuttle v. Wayment Farms, Inc.*, 131 Idaho 105, 108, 952 P.2d 1241, 1244 (1998). Therefore, remedial and procedural statutes should be applied retroactively. *Tuttle*, 131 Idaho at 108, 952 P.2d at 1244.

This Court, in *State v. Currington*, defined the difference between procedural and substantive, stating:

> "Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated."

*State v. Currington*, 108 Idaho 539, 541, 700 P.2d 942, 944 (1985) (quoting *State v. Smith*, 84 Wash.2d 498, 527 P.2d 674, 676–77 (1974)).

This Court has found statutes similar to the standard of review prescribed by I.C. § 40–208 to be procedural in nature. *See Tuttle*, 131 Idaho at 108, 952 P.2d at 1244 (statute affecting release of tortfeasor after settlement); *Esquivel v. State*, 128 Idaho 390, 392, 913 P.2d 1160, 1162 (1996) (statute of limitations); *City of Garden City v. City of Boise*, 104 Idaho 512, 515, 660 P.2d 1355, 1358 (1983) (statute changing process for city to annex property from declaratory judgment to electoral process). *Cf. Griggs v.*

*Nash*, 116 Idaho 228, 235, 775 P.2d 120, 127 (1989) (statute providing for mandatory award of attorney fees is substantive).

█ I.C. § 40–208 does not give the parties a right to pursue some cause of action or to present a defense. It merely defines what standard of review will be employed when reviewing highway and road decisions made by county or highway district commissioners. I.C. § 40–208 prescribes how the courts are to operate, but does not create any rights for the parties. Although the statute has changed the nature of the review on appeal, it has not changed the right of the parties to have a decision by Commissioners reviewed. A party who has no vested rights at the time of the legislative amendment cannot be said to have suffered from legislation which applies equally to both parties. *Keller v. Magic Water Co.*, 92 Idaho 276, 286, 441 P.2d 725, 735 (1968). The district court's standard of review applies equally to both parties in this appeal.

We hold that I.C. § 40–208 defines the standard of review for an appeal from a Commissioners' decision and is procedural in nature. Therefore, the decision of the district court to review the case *de novo* was erroneous. We remand the case to the district court with instructions to review the decision of the Commissioners under the standard prescribed in I.C. § 40–208.

The record of the validation hearing is not part of the record on appeal. Since this case is being remanded back to the district court for review under a different standard of review, the district court will reconsider the entire case, and the court's decision may change. Therefore, we decline to address the other issues on appeal.

## IV.

## CONCLUSION

We hold that I.C. § 40–208 is procedural in nature and therefore can be applied retroactively. The decision of the district court to review the case *de novo* was erroneous and is hereby vacated and the case is remanded.

No attorney fees on appeal. Costs to appellants.

TROUT, C.J., and JOHNSON, SCHROEDER and WALTERS, JJ., concur.