J. JONES, J.,
specially concurring.
I fully concur in the Court’s opinion. It appears that Giltner jumped on the wrong horse — I.C. § 31-1506 — to obtain judicial review under the Administrative Procedure Act and doggedly continued to ride it even after the Legislature amended I.C. § 67-6521 in its 2010 session to reinstate judicial review of zoning decisions. It is unfortunate for Giltner that its appeal arose during the time that judicial review was made unavailable for zoning decisions but, rather than trying to obtain judicial review under a statutory provi *563 sion that did not really fit, Giltner could have sought relief in a declaratory judgment action. See, Burns Holdings, LLC v. Madison County Bd. of Comm’rs, 147 Idaho 660, 664, 214 P.3d 646, 650 (2009). The Court may share some responsibility for Giltner’s dilemma, having made judicial review unavailable under LLUPA for zoning decisions, but the Legislature reinstated the judicial review avenue of relief while this appeal was pending. Once the Legislature made its 2010 amendment, Giltner could have filed a supplemental brief to bring the issue before the Court. Further, it could have seized upon I.C. § 67-6521, as amended, in pursuing its case at oral argument. Instead, although conceding it would not object if the Court considered whether that provision, as amended, allowed judicial review of this ease, Giltner continued to steadfastly adhere to its Section 31-1506 horse. As has happened in those infrequent instances in the distant past where I have tendered a wager on a particular horse, that nag simply did not make it to the finish line.
Had Giltner embraced the amended version of I.C. § 67-6521,1 believe it would have been appropriate to apply the same to Giltner’s appeal, permitting judicial review of the County’s decision. Although the Legislature did not include language in the 2010 amendment to make it retroactive (see 2010 Idaho Sess. Laws ch. 175, § 5), the amendment was procedural or remedial in nature and thus could have been applied retroactively. Bryant v. City of Blackfoot, 137 Idaho 307, 313, 48 P.3d 636, 642 (2002). “[A] statute is remedial if it does not create, enlarge, diminish or destroy any substantive rights, but merely alters the remedy available for enforcing pre-existing rights.” State ex rel. Wasden v. Daicel Chem. Indus., Ltd., 141 Idaho 102, 105, 106 P.3d 428, 431 (2005).
This Court noted in Floyd v. Bd. of Comm’rs of Bonneville Cnty.: 131 Idaho 234, 238, 953 P.2d 984, 988 (1998) (quoting State v. Currington, 108 Idaho 539, 541, 700 P.2d 942, 944 (1985)). This principle applies to amendments as well as the underlying statute. Nebeker v. Piper Aircraft Corp., 113 Idaho 609, 614, 747 P.2d 18, 23 (1987). In this case, the amendment merely reinstated the right of judicial review for zoning decisions, relieving aggrieved parties of the necessity of challenging the decision in a declaratory judgment action. Since the reinstated review mechanism was procedural or remedial in nature, the amended statute could have been applied here, had the Court properly been asked to do so. Failing that request, the Court has correctly disposed of this matter.
Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.