# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34644-2007

SCOTT BECKSTEAD REAL ESTATE
COMPANY, an Idaho corporation, and
SCOTT BECKSTEAD, individually,

        Plaintiffs-Appellants,

v.

CITY OF PRESTON, a municipal
corporation,

        Defendant-Respondent.

Boise, May 2009 Term

2009 Opinion No. 87

Filed: July 7, 2009

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, in and for Franklin County.  The Hon. Don L. Harding, District Judge.

The judgment of the district court is <u>affirmed</u> in part and <u>reversed</u> in part.

Steven R. Fuller Law Office, Preston, for appellants.

Clyde G. Nelson, Soda Springs, for respondent.

_____

EISMANN, Chief Justice.

This is an appeal from the dismissal of a complaint against a city on the ground that the plaintiff had failed to file a timely notice of claim under Idaho Code § 50-219.  The city also cross-appeals the denial of its claim for attorney fees under Idaho Code § 12-120(1).  We affirm the dismissal of the complaint and reverse the denial of the city's request for attorney fees.  We also award the city attorney fees on appeal.

## I.  FACTS AND PROCEDURAL HISTORY

In 2002, Scott Beckstead Real Estate Company and/or Scott Beckstead (collectively called Beckstead) was seeking to develop a subdivision in the City of Preston (City).  A City ordinance required that Beckstead have at least a 6-inch water main supplying the subdivision.  The City wanted a larger water line and required that Beckstead install a 12-inch line.  It agreed

to reimburse Beckstead for the increased cost of the 12-inch line. Beckstead completed installation of the waterline in October 2003, and the City reimbursed him $7,461.00.

In October 2004, Beckstead learned that the City was receiving fees for connections to the water line. The City charged $2,500 per connection. It estimates that its actual cost per connection for labor and materials was $2,618.07 in 2004 and $3,349.40 in 2005. Beckstead believed that City Ordinance 16.28.030 B entitled him to reimbursement from the City when it received fees for connecting to the waterline. He sent the mayor of Preston a letter dated October 22, 2004, asking to discuss the process for obtaining reimbursement under that ordinance. The City responded by letter dated November 16, 2004, in which it rejected Beckstead's request for reimbursement.

On April 16, 2006, Beckstead's counsel wrote the City a letter requesting a meeting and reconsideration of the prior denial. By letter dated May 24, 2006, the City again declined to reconsider its prior denial. On July 31, 2006, Beckstead filed a notice of claim with the City. The City did not pay the claim, and on September 8, 2006, Beckstead filed this lawsuit.

Both parties ultimately moved for summary judgment, and on August 16, 2007, the district court entered a decision and order granting the City's motion for summary judgment and denying Beckstead's motion. The district court held that Beckstead's claim arose on November 12, 2003, when he knew of the costs of the project. Because he did not give notice of his claim to the City within 180 days as required by Idaho Code §§ 50-219 and 6-906, the claim was barred.

On August 16, 2007, judgment was entered in favor of the City. On August 24, 2007, the City filed a motion for costs and attorney fees, and Beckstead filed an objection to that motion. After the motion was argued, the district court awarded the City court costs recoverable as a matter of right but denied the City's request for an award of attorney fees. Beckstead then timely filed a notice of appeal, and the City timely filed a notice of cross-appeal.

## II. ISSUES ON APPEAL

1. Did the district court err in holding that Beckstead's claim was barred for failing to provide timely notice to the City?
2. Did the district court err in denying the City's request for an award of attorney fees?
3. Is either party entitled to an award of attorney fees on appeal?

# III.  ANALYSIS

## A.  Did the District Court Err in Holding that Beckstead's Claim Was Barred for Failing to Provide Timely Notice to the City?

Idaho Code § 50-219 provides, "All claims for damages against a city must be filed as prescribed by chapter 9, title 6, Idaho Code."  "Section 6-906 of the Tort Claims Act provides that claims against a city must be presented to and filed with the city clerk within 180 days from the date the claim arose or reasonably should have been discovered, whichever is later." *Bryant v. City of Blackfoot*, 137 Idaho 307, 311, 48 P.3d 636, 640 (2002).

**1.  Claim for reimbursement under the ordinance.**  Beckstead's first, second, fourth, and fifth causes of action claimed a right to reimbursement under Section 16.28.030 B of the Preston City ordinance.  The district court held that his claim for reimbursement arose when he knew the costs of constructing the project.  He contends that because the right to reimbursement under the ordinance arises from the payment to the City of connection fees, his claim did not arise until those fees were paid.  We need not address that issue because the ordinance does not grant Beckstead any right to reimbursement.

"Interpretation of an ordinance . . . is a question of law over which this Court exercises free review." *Lane Ranch Partnership v. City of Sun Valley*, 145 Idaho 87, 89, 175 P.3d 776, 778 (2007).  "The plain language of an unambiguous ordinance . . . controls the meaning." *Davisco Foods Int'l, Inc. v. Gooding County*, 141 Idaho 784, 793, 118 P.3d 116, 125 (2005).  The ordinance at issue provides as follows:

> **16.28.030 B.** Whenever any intervening property ("off-site") is benefitted by the installation of any of the required facilities, the subdivider may pay the cost of such facilities to the city, such costs to be determined by competitive bids solicited by the city together with verified engineering costs required therefor.  The city shall thereafter enter a deferred credit in its books and records and shall charge the benefited intervening property owners the fee rates for sewer and water connections in effect at the time such connections are made.  Such fees shall then be returned to the subdivider to reimburse the cost of the installation of the facilities; such agreement for reimbursement shall extend for a maximum period of five (5) years from initial date of agreement after which time no further reimbursement shall be made to the subdivider.  The city may also elect to reimburse the subdivider for such "off-site" facilities in full or in part after the subdivider has furnished the city with acceptable evidence that an agreed number of housing units are occupied.  No interest shall accrue or become payable on

such reimbursement. Engineering drawings showing benefited property shall be prepared by the city engineer and copies forwarded to the sewer, water and streets department of the city.

The first sentence of the ordinance provides, "Whenever any intervening property ("off-site") is benefitted by the installation of any of the required facilities, the subdivider may pay the cost of such facilities to the city, such costs to be determined by competitive bids solicited by the city together with verified engineering costs required therefor." Whenever off-site property is benefited by the installation of required facilities, "the subdivider *may* pay the cost of such facilities to the city." (Emphasis added.) The word "may" is permissive. *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995). The subdivider may elect to invoke the provisions of the ordinance, but is not required to do so. If the subdivider elects to invoke the ordinance, the costs of the facilities are to be determined by competitive bids solicited by the City. It would not make sense for a subdivider to prepay the cost of the facilities to the City and then construct the facilities at the subdivider's expense. This provision obviously is intended to apply only if the City is going to construct the facilities or pay someone else to do so. If it is, then the City must be paid the construction costs in advance.

The second sentence provides, "The city shall *thereafter* enter a deferred credit in its books and records and shall charge the benefited intervening property owners the fee rates for sewer and water connections in effect at the time such connections are made." (Emphasis added.) The word "thereafter" shows sequential action. *After* the subdivider has paid the City the construction costs, *then* the City must enter the credit on its books and records for the amount paid, and it must charge the benefited intervening property owners the fee rates for sewer and water connections in effect at the time such connections are made. If the subdivider has not elected to invoke this ordinance and has not prepaid the construction costs, then the City is not required either to enter the credit in its books or to charge the connection fees.

The third sentence provides, "*Such fees* shall then be returned to the subdivider to reimburse the cost of the installation of the facilities; such agreement for reimbursement shall extend for a maximum period of five (5) years from initial date of agreement after which time no further reimbursement shall be made to the subdivider." (Emphasis added.) The words "such fees" refer to the fees that the City was required to charge for sewer and water connections if the subdivider had prepaid to the City the construction costs of the facilities. If the subdivider did

4

not prepay those costs to the City, then the City need not charge the connection fees and need not pay the fees to the subdivider.

The fourth sentence provides, "The city *may also elect* to reimburse the subdivider for such 'off-site' facilities in full or in part after the subdivider has furnished the city with acceptable evidence that an agreed number of housing units are occupied." (Emphasis added.) This sentence simply gives the City another option of when to reimburse the subdivider. That option does not apply unless the City is required to reimburse the subdivider under the ordinance.

The applicability of the ordinance is dependent upon the first sentence. If the subdivider pays the City the costs to construct the facilities, then the City is required to reimburse those costs to the subdivider as provided in the remainder of the ordinance. If the subdivider does not pay the City to construct the facilities, then the remainder of the ordinance has no application.

In this case, Beckstead did not choose to invoke the ordinance by paying the City the cost of constructing the facilities. Therefore, the City has no obligation under the ordinance to reimburse him for the costs that he incurred in doing so. Because the ordinance does not grant Beckstead a right of reimbursement in this case, the district court did not err in dismissing those claims.

**2. Claim for unjust enrichment.** Beckstead also alleged as his third claim for relief that the City had been unjustly enriched because it has not reimbursed him for the construction costs. That claim is barred because he did not file a timely notice of claim with the City clerk.

Idaho Code § 50-219 provides, "All claims for damages against a city must be filed as prescribed by chapter 9, title 6, Idaho Code." "All claims for damages" means just that; *all* claims for damages, regardless of the theory upon which the claim is based. As we stated in *Sweitzer v. Dean*, 118 Idaho 568, 572, 798 P.2d 27, 31 (1990), "We therefore construe the language contained in I.C. § 50-219 to require that a claimant must file a notice of claim for all damage claims, tort or otherwise, as directed by the filing procedure set forth in I.C. § 6-609 of the Idaho Tort Claims Act, chap. 9, tit. 6." Pursuant to Idaho Code § 50-219, a notice of claim for damages must be filed with the city clerk within 180 days from the date the claim arose or reasonably should have been discovered, whichever is later. *Bryant v. City of Blackfoot*, 137 Idaho 307, 311, 48 P.3d 636, 640 (2002); I.C. § 6-906.

A claim for unjust enrichment requires proof of three elements, including that "there was a benefit conferred upon the defendant by the plaintiff." *The Vanderford Co., Inc. v. Knudson*,

5

144 Idaho 547, 558, 165 P.3d 261, 272 (2007).  The only benefit that the City allegedly received from Beckstead was the construction of the water line.  The connection fees later paid by homeowners were not benefits that the City received from Beckstead.  He did not pay those fees, the homeowners did.

For example, in *Hayden Lake Fire Protection District v. Alcorn*, 141 Idaho 388, 111 P.3d 73 (2005), the plaintiff and the class of policyholders it represented paid insurance premiums to the State Insurance Fund (SIF), which then invested some of that money in real estate transactions with the State.  The plaintiff alleged a claim of unjust enrichment against the State, contending that the State had received unreasonably favorable terms in such real estate transactions and was therefore unjustly enriched.  This Court upheld the dismissal of the policyholders' claim for unjust enrichment because any benefit that the State received in those real estate transactions did not come from the policyholders; it came from the SIF.  We reasoned, "The State may have received a benefit from the SIF in the real estate transactions, but it did not receive that benefit from the policyholders. . . . [They] have no property interest in the SIF's funds.  Any benefit conferred on the State was not conferred by the policyholders."  141 Idaho at 406, 111 P.3d at 91 (citation omitted).

Beckstead completed the construction project in October 2003.  That is when any cause of action for unjust enrichment would have accrued.  The first document that could arguably be considered a notice of claim was Beckstead's letter dated October 22, 2004, addressed to the City mayor in which Beckstead requested a meeting to discuss reimbursement under the ordinance.  That letter came long after the 180-day period had expired.  Even if the letter could be construed as the notice of claim required by Idaho Code § 50-219, it was untimely.  Therefore, the district court did not err in dismissing the unjust enrichment claim.  Because Beckstead did not file a timely notice of claim, we need not address whether the alleged facts would even give rise to a claim for unjust enrichment.

**B.  Did the District Court Err in Denying the City's Request for an Award of Attorney Fees?**

6

After judgment was entered in its favor, the City filed a "Motion for Costs and Attorney Fees."[1] In its supporting memorandum, it requested an award of attorney fees under Idaho Code §§ 12-117, 12-120, and 12-121. The district court held that the City was the prevailing party, but it denied the City's request for an award of attorney fees. In doing so, it addressed Idaho Code §§ 12-117 and 12-121, but it did not consider the applicability of Idaho Code § 12-120.

Idaho Code § 12-120(1) provides that "in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees." The amount pleaded in this case was less than $25,000.

The second amended complaint alleged: "Beckstead incurred $10,348.64 in out-of-pocket costs for labor and materials used in the installation of the pipeline along 8[th] East for which he seeks reimbursement from the City of Preston. He also provided his own labor for which a reasonable charge would be $2,805.00." These two amounts total $13,153.64.

In his prayer for relief, Beckstead requested a judgment as follows:

1. For the sum of $13,153.64 together with interest thereon at the pre-judgment rate of 12% per annum from the date water connection(s) were made by intervening property owners to the water line installed by the Plaintiff on 8th East in Preston, Idaho;

2. For a Writ of Mandamus ordering the City of Preston to pay over to the Plaintiff, the sum of $13,153.64 together with interest thereon as aforesaid from such water connection fees collected in the past or which may be collected in the future pursuant to Preston City Ordinance § 16.28.030 B, and

3. For a Declaratory Judgment defining the rights and responsibilities of the Plaintiff and Defendant under Preston City Ordinance Section 16.28.030 B and declaring that said ordinance is applicable to the off-site improvements made by the Plaintiff and providing for reimbursement of the Plaintiff's costs and expenses for such improvements.

---

[1] The Idaho Rules of Civil Procedure do not require a motion for court costs and attorney fees. The Rules only require a memorandum of costs. Rule 54(d)(5) provides that "any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment." Rule 54(e)(5) provides, "Attorney fees, when allowable by statute or contract, shall be deemed as costs in an action and processed in the same manner as costs and included in the memorandum of costs." It is the party objecting to claimed costs, including attorney fees, who is required to file a motion. Rule 54(d)(6) provides, "Any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within fourteen (14) days of service of the memorandum of cost." In this case, the City did attach a memorandum of costs to its motion.

Beckstead does not dispute the applicability of Section 12-120(1) to this case. He only contends that the City failed to properly request an award of attorney fees under that statute because it did not seek such award in its motion for summary judgment. He argues on appeal, "It is incumbent upon the City to ask for the relief it seeks in a Motion for Summary Judgment, including attorneys fees and costs if such are requested." Beckstead does not cite any authority supporting this argument.

In its motion for attorney fees, the City requested an award pursuant to "§12-117, §12-120, and §12-121, Idaho Code." In its supporting memorandum, it wrote:

> §12-120(1) provides in any action for less than $25,000.00, "there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees." There is no requirement under §12-120 that the Court find the Plaintiff pursued the case frivolously, unreasonably, or without foundation, as set forth in Rule 54(e)(1) I.R.C.P. That requirement applies only to awards of attorney fees and costs pursuant to §12-121, Idaho Code. The provisions of this Section are mandatory (*See Eighteen Mile Ranch, L.L.C., supra*, where the court ruled that a Defendant who avoided liability was the prevailing party and entitled to attorney fees pursuant to § 12-120, Idaho Code.) See also *Fritts v. Liddle & Moeller*, supra.

In its memorandum, the City adequately identified Idaho Code § 12-120(1) as a statute under which it was requesting an award of attorney fees. The district court denied the City's request for an award of attorney fees without considering the applicability of that statute. In doing so, it erred. The City was entitled to an award of attorney fees under that statute.

## C. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Beckstead seeks an award of attorney fees on appeal pursuant to Idaho Code §§ 12-117 and 12-120. Because he is not the prevailing party on appeal, he is not entitled to an award of attorney fees under either statute. *Marcia T. Turner, L.L.C. v. City of Twin Falls*, 144 Idaho 203, 212, 159 P.3d 840, 849 (2007); and *Costa v. Borges*, 145 Idaho 353, 359, 179 P.3d 316, 322 (2008).

The City requests an award of attorney fees on appeal pursuant to Idaho Code §§ 12-117, 12-120(1), and 12-121. Because the City is the prevailing party on appeal, it is entitled to an award of attorney fees under Idaho Code § 12-120(1). We need not address its request for an award of attorney fees under the other two statutes.

8

## IV. CONCLUSION

We affirm the judgment dismissing the complaint. We reverse the denial of the City's request for an award of attorney fees and remand this case for further proceedings consistent with this opinion. We award the City costs, including attorney fees, on appeal.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.