**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37232**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 357 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 10, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER MICHAEL HUCKABY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order for reimbursement of cost of court-appointed attorney, <u>vacated</u>, and <u>case remanded</u>.

John M. Adams, Kootenai County Public Defender; J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Christopher Michael Huckaby appeals from the district court's order on intermediate appeal from his misdemeanor conviction. He contends that the district court abused its discretion by ordering him to reimburse the county for the cost of his public defender's services rendered in the intermediate appeal. We vacate and remand.

**I.**

**BACKGROUND**

Huckaby was charged with a misdemeanor, resisting and obstructing officers, in violation of Idaho Code § 18-705. The magistrate court appointed a public defender to represent him. After being convicted of the offense on a jury verdict, Huckaby appealed to the district court. He continued to be represented by the public defender in the appeal and raised a number of claims of error. Following oral argument, the district court issued an appellate decision rejecting

1

Huckaby's claimed errors and affirming the conviction. Although the prosecutor did not request reimbursement for public defender services on the appeal, and the issue was not raised in the briefing or oral argument to the district court, the district court's appellate decision ordered Huckaby to reimburse the county in the amount of $500 for his public defender's services in the intermediate appeal. Huckaby appeals to this Court, asserting as his sole issue that the district court erred in ordering reimbursement without having considered Huckaby's ability to pay or other relevant factors.

**II.**

**ANALYSIS**

A court's authority to order reimbursement by a criminal defendant to a county for the cost of a court-appointed attorney is governed by I.C. § 19-854(d), which states:

> (d) A needy person who receives the services of an attorney provided by the county may be required by the court to reimburse the county for all or a portion of the cost of those services. The immediate inability of the needy person to pay the reimbursement shall not, in and of itself, restrict the court from ordering reimbursement.

I.C. § 19-854(d).[1] The word "may" in the first sentence of this subsection is permissive, *Scott Beckstead Real Estate Co. v. City of Preston*, 147 Idaho 852, 854, 216 P.3d 141, 143 (2009), and it denotes an exercise of discretion. *Marcia T. Turner*, *L.L.C. v. City of Twin Falls*, 144 Idaho 203, 211-12, 159 P.3d 840, 848-49 (2007). When this Court reviews a trial court's discretionary decision on appeal, we conduct a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *State v. Wakefield*, 145 Idaho 270, 273, 178 P.3d 635, 638 (Ct. App. 2007); *State v. Waidelich*, 140 Idaho 622, 623, 97 P.3d 489, 490 (Ct. App. 2004). In order for the appellate court to perform its function properly when reviewing a discretionary decision, it must be informed of the reasons for the court's decision.

---

[1]     Even where reimbursement is not ordered by the court in the criminal action, I.C. § 19-858(b) allows the county prosecutor to file suit against the defendant within three years to recover the costs of provided legal assistance should the defendant become financially able to pay.

*Quick v. Crane*, 111 Idaho 759, 772, 727 P.2d 1187, 1200 (1986). Where the reasons are neither obvious from the record nor stated by the trial court, "the appellate court is left to speculate about the trial court's perception of the law and knowledge of the facts." *Id. See also Sheridan v. Jambura*, 135 Idaho 787, 791, 25 P.3d 100, 104 (2001).

Huckaby acknowledges that section 19-854(d) permits a reimbursement order even when the defendant lacks the immediate ability to pay, but argues that the district court here nevertheless abused its discretion because any court contemplating reimbursement must at least consider the defendant's present and future ability to pay as well as other relevant factors.

The State contends that the second sentence in section 19-854(d), allowing an order of reimbursement despite the defendant's immediate inability to pay, renders an inquiry into the defendant's present and future financial status "superfluous." The State's argument raises a question of statutory interpretation over which this Court exercises free review. *State v. Hensley*, 145 Idaho 852, 855, 187 P.3d 1227, 1230 (2008).

We cannot agree with the State's characterization of the effect of the second sentence of subsection (d). That provision merely permits a court to order reimbursement even in the absence of an immediate ability to pay; it does not *require* the court to do so. The decision remains a discretionary one. Therefore, a defendant's inability to pay, either immediate or long-term, is not "superfluous" to a court's discretionary decision under the statute.

We move, then, to Huckaby's argument that the district court's order here was arbitrary and an abuse of discretion because it was made without any information on which to predicate a reimbursement decision. Huckaby points out that at the time of his appeal to the district court, both his immediate and his longer-term ability to reimburse the county was obviously in question as the magistrate had already determined him to be a needy person when the public defender was initially appointed, Huckaby had been incarcerated for several months prior to his trial and conviction in this case, and at the time of sentencing in this case he was facing a felony charge and possible probation violation matters which could result in additional incarceration.

In *Wakefield*, 145 Idaho at 273, 178 P.3d at 638, we addressed the somewhat analogous issue of whether the district court had abused its discretion by increasing a probationer's monthly restitution payments without regard to his ability to pay. We reversed the order on the ground that "the court abused its discretion by acting arbitrarily, without evidence before it to support the decision made." We conclude that the same holds true here. Although I.C. § 19-854(d) does

3

not delineate any factors that must be considered by the district court before ordering reimbursement of public defender fees, it is apparent that there are many factors which may be relevant to that discretionary decision, including the defendant's assets, current and prospective earning capacity, number of dependents, restitution that may be owed to the defendant's victim(s), other expenses that the defendant may be required to pay including probation supervision fees and fees for rehabilitation and treatment services, debts owed to other creditors, and the monetary value of the legal services provided to the defendant. While it is not necessary for the court to expressly consider any or all of these in every case, the court should consider whatever pertinent facts that the parties may present on the reimbursement issue. Without consideration of *any* factors, it cannot be said that a court has "reached its decision by an exercise of reason." *See Hedger*, 115 Idaho at 600, 768 P.2d at 1333.

Here, it appears that the district court ordered the reimbursement sua sponte and without notice to the parties. There was consequently no evidence submitted to the district court either in support of or in opposition to the reimbursement, nor is there any indication in the record of a reasoned application of any factors pertinent to the discretionary decision whether to order reimbursement or, if so, in what amount. Accordingly, we are constrained to hold that the district court's order for reimbursement to the county for public defender services rendered on the intermediate appeal was arbitrary and therefore an abuse of discretion. The matter may be reconsidered on remand.

The order of the district court for reimbursement of court-appointed attorney services is vacated and the case is remanded for further proceedings consistent with this opinion.

Judge MELANSON **CONCURS.**

Chief Judge GRATTON, **DISSENTING**

In *State v. Weaver*, 135 Idaho 5, 9, 13 P.3d 5, 9 (Ct. App. 2000), the Court noted that the prior version of Idaho Code § 19-854 did not allow an order for reimbursement without regard for whether the defendant had resources immediately available. The Court referenced, for comparative purposes, a separate statute which contained language by which the defendant's immediate inability to pay did not preclude a reimbursement order. *Id.* Thereafter, the legislature amended I.C. § 19-854 to include language similar to that reference in *Weaver*, and I.C. § 19-854(d) now states that "the immediate inability of the needy person to pay the reimbursement shall not, in and of itself, restrict the court from ordering reimbursement."

4

As a general matter, I certainly agree that in order for a court to properly exercise its discretion, consideration of facts and/or evidence regarding the issue at hand is necessary so that the decision can be said to be rendered through "an exercise of reason." *See State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). I further agree that, normally, the district court's reasoning is important to appellate review, although, in this case, the issue presented by Huckaby is limited to the lack of evidence before the district court. I disagree, however, that consideration of the facts and/or evidence which the majority deems necessary for the proper exercise of discretion under the statute applicable here is, indeed, required. While evidence of the numerous financial factors outlined by the majority may be appropriately considered, in this circumstance, evidence regarding those factors is not necessary for the trial court to determine whether to order partial reimbursement. Since the defendant's inability to pay does not preclude a reimbursement order, evidence regarding such ability is not strictly required. Even if evidence presented to the trial court clearly points to an inability to pay, the court may still, pursuant to the terms of the statute, order reimbursement without abusing its discretion. I do not see, then, how failing to take evidence of and consider the myriad financial factors set out by the majority precludes an order of partial reimbursement.[2]

If one assumes that the defendant does not have the financial ability to pay, an order of reimbursement is still not precluded by the statute. The defendant's financial circumstances may change over time, even a relatively long period of time, and, if so, reimbursement is appropriate. The present inability to pay does not foreclose a future ability to pay and the statute, therefore, allows an order of reimbursement even though the presently available financial factors may demonstrate an inability to pay. This is the result intended by the legislature. It is not unfair, as the ability to pay is the ability to pay. The reimbursement order will only be satisfied at such time as there exists an ability to pay.

Moreover, here the district court was not operating in a vacuum when it ordered the modest reimbursement amount of $500. Huckaby's opening brief on appeal to the district court

---

[2] Perhaps an underlying difficulty here, although not directly raised by Huckaby, is the question of notice, whether required by rule, statute, or due process principles. The order of partial reimbursement found at the conclusion of the district court's appellate decision does not appear from the record to have been preceded by a motion or request. The order, then, seems to have been entered as a matter of course, akin to an award of costs. However, whether this manner of entry of the order was procedurally proper is not before the Court.

was twenty-one pages and his reply brief encompassed eleven pages, evidencing the extent of work performed. The district court determined that "not one" of Huckaby's claims of error had merit. Huckaby argues that his incarceration evidenced an inability to pay. He also points out that the magistrate specifically noted Huckaby's financial condition because of his incarceration on the underlying charge as well as other pending charges. The district court was aware of Huckaby's underlying sentence and service thereof. The transcript of the trial and sentencing, including the magistrate's comments regarding Huckaby's financial and custody status, was also included in the record on appeal to the district court. Huckaby further states that he was required to demonstrate need in order for the magistrate to appoint counsel. The district court was aware that the public defender was representing Huckaby. In such cases, I.C. § 19-854(d) has long provided that "a needy person who receives the services of an attorney provided by the county may be required by the court to reimburse the county for all or a portion of the cost of those services." While the district court did not express its reasoning and there may be some question as to the procedure for entry of the order, I cannot conclude that the district court acted arbitrarily or without sufficient information to exercise its discretion in requiring reimbursement in the amount of $500. Based upon the issues presented, I would affirm.