48 P.3d 636

**Joanne Lynn BRYANT, Plaintiff–Appellant,**

v.

**CITY OF BLACKFOOT, a political subdivision of the State of Idaho, and John Does 1 through 10, Defendants Respondents.**

No. 26191.

Supreme Court of Idaho,
Idaho Falls, May 2001 Term.

May 31, 2002.

Jenkins Law Office, Idaho Falls, for appellant. Gordon W. Jenkins argued.

Naylor and Hales, Boise, for respondent City of Blackfoot. Kirtlan G. Naylor argued.

EISMANN, Justice.

The plaintiff Joanne Lynn Bryant (Bryant) appeals from an order dismissing this action on the motion for summary judgment filed by the City of Blackfoot (City). We affirm the dismissal in part, reverse it in part, and remand the case for further proceedings.

## I.

### FACTS AND PROCEDURAL HISTORY

The City employed Bryant as an operator at the wastewater treatment plant. On April 11, 1997, she fell down a flight of stairs while at work, injuring her right shoulder. Due to her injury, she took a leave of absence from her employment and eventually underwent surgery. On December 2, 1997, her physician cleared her to return to work with certain lifting restrictions. She alleges that when she attempted to return to work, she was told there was no position available due to her inability to "do a man's work."

On August 25, 1998, Bryant filed this action alleging four causes of action. In her first cause of action, she alleged that the City wrongfully terminated her employment in violation of public policy, in that it did so because she had filed a worker's compensation claim. In her second cause of action, she alleged that by terminating her employment because of her industrial accident and her worker's compensation claim, the City violated the implied covenant of good faith and fair dealing in her employment contract. In her third cause of action, she alleged that by terminating her employment, the City violated the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973 (Rehabilitation Act). In her fourth cause of action, she alleged that the City's conduct in terminating her employment and in discriminating against her because of her gender and her disability entitled her to relief under Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1983.

On October 22, 1999, the City moved for summary judgment alleging that Bryant had failed to comply with certain procedural requirements prior to filing her action. With respect to the first and second causes of action, the City alleged that Bryant had failed to comply with Idaho Code § 50–219 which required her to give timely notice to the City of those claims. With respect to the claims based upon the ADA, the Rehabilitation Act, and Title VII, the City alleged Bryant failed to exhaust her administrative remedies by first filing a claim with either the Idaho Human Rights Commission or the Equal Employment Opportunity Commission. With respect to Bryant's claim based upon 42 U.S.C. § 1983, the City argued that she could not sue under that statute to recover for claims that were based upon conduct that violated the ADA, the Rehabilitation Act, or Title VII because the enforcement provisions of those statutes were exclusive. The district court granted the City's motion for summary judgment, and Bryant appealed.

## II.

### STANDARD OF REVIEW

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Eagle Water Company, Inc. v. Roundy Pole Fence Company, Inc.,* 134 Idaho 626, 7 P.3d 1103 (2000). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.*

## III.

### ANALYSIS

**A. DID IDAHO CODE § 50–219 RE-QUIRE BRYANT TO GIVE THE CITY TIMELY NOTICE OF HER CLAIMS FOR WRONGFUL TERMI-NATION AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING?**

In her first and second causes of action, Bryant sought to recover damages for wrongful termination and for violation of the implied covenant of good faith and fair dealing. The district court dismissed those claims because she failed to comply with Idaho Code § 50–219. That statute provides, "All claims for damages against a city must be filed as prescribed by Chapter 9, Title 6, Idaho Code [the Idaho Tort Claims Act]." Section 6–906 of the Tort Claims Act provides that claims against a city must be presented to and filed with the city clerk within 180 days from the date the claim arose or reasonably should have been discovered, whichever is later.

■ Bryant contends that her claims for wrongful termination and breach of the covenant of good faith and fair dealing are actions for breach of contract and that Idaho Code § 50–219 does not apply to claims based upon breach of contract. We first addressed this issue in *Harkness v. City of Burley,* 110 Idaho 353, 715 P.2d 1283 (1986), wherein we upheld the dismissal of claims for breach of an employment contract and breach of the employer's duty of good faith and fair dealing because the plaintiff had failed to provide the city with timely notice of these claims as required by Idaho Code § 50–219. This Court again addressed the issue in *Sweitzer v. Dean,* 118 Idaho 568, 573, 798 P.2d 27, 32 (1990), wherein we stated, "We construe the language in I.C. § 50–219 to require that a notice of claim must be filed for all claims against a subdivision of the state, and not limited solely to tort claims."

Bryant's counsel stated that he elected not to file a notice of claim because of this Court's decision in *City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 899 P.2d 411 (1995). According to him, the *Chubbuck* case conflicts with this Court's earlier decisions in *Harkness* and *Sweitzer.* In the *Chubbuck* case, the City of Chubbuck sued the City of Pocatello over a dispute regarding the rates that Pocatello charged Chubbuck for treating its wastewater. One of its claims for relief was breach of contract. Before filing the lawsuit, Chubbuck filed a notice of claim with the Pocatello City Clerk. No issue was raised regarding the notice requirements of Idaho Code § 50–219. Instead, Pocatello alleged that it was immune from suit under the provisions of the Idaho Tort Claims Act, I.C. §§ 6–901 *et seq.* This Court held that because Chubbuck's claim was based upon breach of contract, the immunity provisions of the Tort Claims Act did not bar Chubbuck's cause of action.

■ The holding in *Chubbuck* does not conflict with this Court's decisions in *Harkness* and *Sweitzer.* The issue in those two cases was not whether all provisions of the Idaho Tort Claims Act applied to actions for breach of contract. The issue was whether the language of Idaho Code § 50–219 providing that notice as required under the Tort Claims Act must be given for "all claims" for damages against a city including breach of contract claims. This Court's recognition in *Harkness* and *Sweitzer* that Idaho Code

§ 50–219 expressly incorporates by reference the notice of claim provisions of the Tort Claims Act for all claims against a city, including contract claims, does not conflict with this Court's holding in *Chubbock* that the immunity provisions of the Tort Claims Act do not apply to contract actions. The district court did not err in dismissing the claims for wrongful termination and breach of the covenant of good faith and fair dealing due to Bryant's failure to file with the city clerk a timely notice of claim as required by Idaho Code § 50–219.

## B. WAS BRYANT REQUIRED TO TIMELY FILE A CHARGE WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION BEFORE FILING AN ACTION UNDER TITLE VII?

■ In her complaint, Bryant alleged that the City discriminated against her on the basis of her gender entitling her to recover under Title VII. State and federal courts both have jurisdiction over claims brought under Title VII. *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Before filing a lawsuit, however, a claimant must exhaust certain administrative remedies. As a general rule, a claimant must file a discrimination charge with the EEOC within 180 days after the alleged unlawful employment practice occurred. *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988); 42 U.S.C. § 2000e–5(e). If the claimant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the challenged employment practice, or to institute criminal proceedings with respect to that practice, then the time limit for filing with the EEOC is extended to 300 days after the alleged unlawful employment practice or thirty days after receipt of notice that the state or local agency has terminated its proceedings, whichever is earlier. *Id.* A timely filing of a charge with the EEOC is a prerequisite to the maintenance of a Title VII action. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).[1] In this case, Bryant did not file a charge with either the EEOC or with the Idaho Human Rights Commission. Therefore, because she failed to exhaust her administrative remedies, the district court correctly dismissed her Title VII claim.

■ Bryant argues that her complaint should be construed as alleging a claim under the Idaho Human Rights Act (IHRA), Idaho Code § 67–5901 *et seq.* Bryant clearly did not intend to allege a claim under the IHRA. In her complaint, she expressly stated that her third and fourth claims for relief, which were the claims alleging discriminatory conduct, were based upon federal law. Even her brief on appeal acknowledges that fact. In her opening brief, she begins the statement of facts as follows:

> Plaintiff's Complaint alleged four different claims. The first was a claim for wrongful discharge in violation of public policy. The second was a claim for breach of the implied covenant of good faith and fair dealing inherent in the contract of employment. The third was a claim under both the Americans with Disabilities Act and the Rehabilitation Act of 1973. The fourth was a Constitutional 42 U.S.C.1983 claim. (R. pp. 7–11).

Her reference to "R. pp. 7–11" in the above quote is a reference to pages 7 through 11 of her complaint, which are the portions of the complaint setting forth her claims for relief.

■ Even if we were to read into Bryant's complaint a claim that she did not intend to allege when she commenced this action, her cause of action must still be dismissed because she failed to file a complaint with the Idaho Human Rights Commission. Idaho Code § 67–5908(2) provides, "A complaint must be filed with the commission as a condition precedent to litigation." Bryant argues that this provision of the IHRA should not apply to her because the Act was amended to

1. The filing requirement is not jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). It is a requirement, like a statute of limitations, that is subject to waiver, estoppel, and equitable tolling. *Id.* Bryant has not claimed in this case that the filing requirement was waived by the City, or that the City should be estopped to raise that defense, or that there is an equitable reason for tolling the running of the 180–day period.

include this provision after her cause of action arose.

The incidents of gender discrimination alleged in Bryant's complaint all occurred during or before 1997. In 1998, Idaho Code § 67–5908(2) was amended to provide that a complaint must be filed with the Commission as a condition precedent to litigation. I.C. § 67–5908(2) (Supp.2001). That amendment took effect on July 1, 1998. I.C. § 67–510. Bryant filed her complaint on August 25, 1998. Thus, the amendment to Idaho Code § 67–5908(2) took effect after Bryant's cause of action arose but before she filed her complaint. She argues that because the statute took effect after her cause of action arose, applying it to her claim would constitute an impermissible retroactive application of the statute.

■ A statute is not made retroactive merely because it draws upon facts antecedent to its enactment. *Kindred v. Amalgamated Sugar Co.,* 114 Idaho 284, 756 P.2d 401 (1988). It is not retroactive unless it changes the legal effect of previous transactions or events. *Engen v. James,* 92 Idaho 690, 448 P.2d 977 (1969). A statute that is procedural or remedial and does not create, enlarge, diminish or destroy contractual or vested rights is generally held not to be a retroactive statute, even though it was enacted subsequent to the events to which it operates. *Floyd v. Board of Comm'rs of Bonneville County,* 131 Idaho 234, 953 P.2d 984 (1998). Changes in procedural laws are held applicable to existing causes of action because the effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future. *University of Utah Hospital v. Pence,* 104 Idaho 172, 657 P.2d 459 (1982). The amendment to Idaho Code § 67–5908(2) did not affect any of Bryant's substantive rights. It did not alter her cause of action, nor did it diminish or destroy any of her vested rights. It merely imposed a procedural requirement that was a condition precedent to her filing her lawsuit. She was required first to file a complaint with the Idaho Human Rights Commission. Because she failed to do so, her cause of action for discrimination under the IHRA would have been dismissed even had she alleged it in her complaint.

## C. WAS BRYANT REQUIRED TO TIMELY FILE A CHARGE WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION BEFORE FILING AN ACTION UNDER THE ADA?

■ In her third claim for relief, Bryant alleged that the City violated the ADA. The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V). *Zimmerman v. Oregon Dept. of Justice,* 170 F.3d 1169 (9th Cir.1999); 42 U.S.C. § 12101 *et seq.* Title I of the ADA applies to employment. *Zimmerman v. Oregon Dept. of Justice,* 170 F.3d 1169 (9th Cir.1999). It incorporates by reference the enforcement provisions of Title VII, including the requirement that a claimant must file a timely charge with the EEOC. *Id.;* 42 U.S.C. § 12117(a). Because Bryant failed to exhaust her administrative remedies by timely filing a claim with the EEOC, the district court correctly dismissed her Title VII claim. *Zimmerman v. Oregon Dept. of Justice,* 170 F.3d 1169 (9th Cir.1999).

## D. WAS BRYANT REQUIRED TO TIMELY FILE A CHARGE WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION BEFORE FILING AN ACTION UNDER THE REHABILITATION ACT?

■ In her third claim for relief, Bryant also alleged that the City violated the Rehabilitation Act, which prohibits recipients of federal assistance from discriminating against disabled, but otherwise qualified, individuals. The Rehabilitation Act adopts the enforcement procedures of Title VI of the Civil Rights Act of 1964. *Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984); 29 U.S.C. § 794a(a)(2). Those same procedures were adopted to enforce Title IX of the Education Amendments of 1972. *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60

L.Ed.2d 560 (1979). In the *Cannon* case, the United States Supreme Court held that exhaustion of administrative remedies is not required under Title IX. Therefore, exhaustion of administrative remedies is likewise not required under the Rehabilitation Act. *Kling v. County of Los Angeles,* 633 F.2d 876 (1980). The district court erred in dismissing Bryant's claim under the Rehabilitation Act upon the ground that she had failed to exhaust her administrative remedies.

■ The City argues that the dismissal should be upheld because there is nothing in the record showing that the City was a recipient of federal assistance. Because that issue was not raised by the City in support of its motion for summary judgment, we will not consider that issue on appeal.

## E. CAN BRYANT BRING UNDER 42 U.S.C. § 1983 CLAIMS THAT COULD HAVE BEEN BROUGHT UNDER THE ADA, THE REHABILITATION ACT, OR TITLE VII?

■ Bryant also alleged that she was entitled to recover under 42 U.S.C. § 1983. That statute does not confer any substantive rights. It is a vehicle for vindicating rights secured by the United States Constitution or federal law. It provides a cause of action to anyone who is deprived, by a person acting under color of state law, of rights secured by federal law. Municipalities are "persons" under the statute. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Section 1983 encompasses violations of federal statutory law as well as constitutional law. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). However, § 1983 may not be used to enforce a right secured by a particular federal act if the remedial devices provided in that act are sufficiently comprehensive to demonstrate that congress intended to preclude the remedy of suits under § 1983. *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). If a federal statute has its own comprehensive enforcement scheme, the requirements of that procedure may not be bypassed by bringing suit directly under § 1983. *Id.* The statute would be the exclusive remedy for the violation of its terms. This rule is limited, however, to situations in which the cause of action is based solely upon such federal statute. If the challenged conduct violates both such federal statute and the United States Constitution, the plaintiff may bring an action under § 1983 to enforce the Constitutional violation even though the conduct upon which the Constitutional violation is based would also have violated such federal statute. The § 1983 claim may be prosecuted concurrently with the claim based upon the federal statute, or the plaintiff may avoid the enforcement scheme in the statute and sue only under § 1983 to enforce the Constitutional violation. *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064 (3d Cir. 1990); *Beardsley v. Webb,* 30 F.3d 524 (4th Cir.1994); *Southard v. Texas Board of Criminal Justice,* 114 F.3d 539 (5th Cir.1997); *Grano v. Department of Dev.,* 637 F.2d 1073 (6th Cir.1980); *Wudtke v. Davel,* 128 F.3d 1057 (7th Cir.1997); *Roberts v. College of the Desert,* 870 F.2d 1411 (9th Cir.1989); *Polson v. Davis,* 895 F.2d 705 (10th Cir.1990); *Thigpen v. Bibb County, Ga., Sheriff's Dept.,* 223 F.3d 1231 (11th Cir.2000).

■ The only circuit court of appeals to address the issue has held that the Rehabilitation Act provides an extensive, comprehensive remedial framework and that a plaintiff may not maintain a § 1983 action to recover for the deprivation of rights granted by that Act. *Holbrook v. City of Alpharetta, Ga.,* 112 F.3d 1522 (11th Cir.1997). Likewise, the ADA enforcement scheme is sufficiently comprehensive to bar a § 1983 action based upon the deprivation of rights granted by the ADA. *Alsbrook v. City of Maumelle,* 184 F.3d 999 (8th Cir.1999); *Holbrook v. City of Alpharetta, Ga.,* 112 F.3d 1522 (11th Cir. 1997). Because the enforcement scheme of the ADA is borrowed from Title VII, Bryant likewise may not use § 1983 to enforce rights granted solely by Title VII.

■ Bryant may, however, sue under § 1983 to recover for the deprivation of rights, under color of state law, secured by the Constitution of the United States even if such conduct would also have violated the ADA, the Rehabilitation Act, or Title VII. In her complaint, she alleged generally that the

City discriminated against her based upon her gender and her disability in violation of the Equal Protection Clause of the Fourteenth Amendment and that it denied her due process of law. Discrimination based upon disability or gender can violate the Equal Protection Clause, *see Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (discrimination based upon disability); *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) (discrimination based upon gender), and the termination of a city employee can violate the Due Process Clause. *Harkness v. City of Burley,* 110 Idaho 353, 715 P.2d 1283 (1986). The district court did not address whether or not there was a factual basis for the claimed violations of the Constitution, nor did the City raise that issue. Therefore, the district court erred in dismissing Bryant's § 1983 cause of action.

## IV.

### CONCLUSION

We affirm the dismissal of Bryant's claims that the City terminated her employment in violation of public policy and in violation of the implied covenant of good faith and fair dealing in her employment contract. We also affirm the dismissal of her claims based upon the ADA and Title VII. We hold that Bryant's complaint did not allege a claim under the IHRA, and that any such claim would have been dismissed for her failure to file a complaint with the Idaho Human Rights Commission, which is a condition precedent to filing a lawsuit under the IHRA. We reverse the district court's dismissal of Bryant's claim under the Rehabilitation Act, and we reverse the dismissal of her § 1983 claims insofar as they are based upon rights secured by the United States Constitution. We uphold the dismissal of the § 1983 claims insofar as they sought to enforce rights based solely upon the ADA, the Rehabilitation Act, or Title VII. We remand this case for further proceedings consistent with this opinion. No costs are awarded on appeal.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.