# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43902-2016

| | | |
|---|---|---|
| DONALD EDWARD SCHOORL and SONIA LINN SCHOORL as Trustees of the DONALD AND SONIA SCHOORL TRUST u/t/a March 2, 2015, | ) ) ) ) | Boise, January 2017 Term |
| | ) | 2017 Opinion No. 9 |
| Plaintiffs-Appellants, | ) ) | Filed: February 2, 2017 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| TERRY O. LANKFORD, an individual; GUILD MORTGAGE COMPANY, a California corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; FIRST AMERICAN TITLE COMPANY, INC., a Florida Corporation, | ) ) ) ) ) ) ) ) | |
| Defendants-Respondents. | ) ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. Hon. George A. Southworth, District Judge.

The judgment of the district court is affirmed.

Rebecca A. Rainey, Fisher Rainey Hudson, Boise, argued for appellants.

Matthew C. Parks, Elam & Burke P.A., Boise, argued for respondent.

---

EISMANN, Justice.

This is an appeal out of Canyon County from a judgment dismissing an action for adverse possession on the ground that the statutory amendment to Idaho Code section 5-210, which increased the required period for adverse possession from five to twenty years, applied to the Plaintiffs, who did not have a cause of action at the time of the amendment. We affirm the judgment of the district court.

## I.
## Factual Background.

On September 22, 2015, the Plaintiffs filed this action seeking to quiet title in a strip of land that was 34.56 feet wide and 314.70 feet long. They alleged that they had satisfied the requirements for acquiring title to the property by adverse possession, which are set forth in Idaho Code section 5-210. At the time that the Plaintiffs went into possession of the strip of property, the required time for occupying adversely possessed property was five years. On July 1, 2006, an amendment to Idaho Code section 5-210 increased the statutory time period for adverse possession to twenty years. Ch. 158, § 5, 2006 Idaho Sess. Laws 474, 475. When that amendment became effective, the Plaintiffs had possessed the strip of land for four years and eight months.

Guild Mortgage Company held a promissory note that was secured by a deed of trust in the strip of land; Mortgage Electronic Systems, Inc., was the trustee on the deed of trust; and Terry O. Lankford was the owner of the strip of land. They will be collectively called Defendants. First American Title Company disclaimed any interest in the strip of land.

The Defendants moved to dismiss the complaint on the ground that the 2006 amendment to Idaho Code section 5-210 applied, so the Plaintiffs had not possessed the property for the required statutory period. The district court agreed, and entered a judgment dismissing the complaint. The Plaintiffs then timely appealed.

## II.

### Did the 2006 Amendment to Idaho Code Section 5-210 Apply to this Case?

Idaho Code section 73-101 states, "No part of these compiled laws is retroactive, unless expressly so declared." "[R]etroactive legislation is only that which affects vested or already existing rights." *Matter of Hidden Springs Trout Ranch, Inc.*, 102 Idaho 623, 624, 636 P.2d 745, 746 (1981). "A statute is not made retroactive merely because it draws upon facts antecedent to its enactment." *Bryant v. City of Blackfoot*, 137 Idaho 307, 313, 48 P.3d 636, 642 (2002).

Plaintiffs contend that "[a]dverse possession statutes create vested property rights at the time possession begins." Idaho Code section 5-210 creates a vested right only at the time the adverse possessor has complied with all of the requirements set forth in that statute. In *Hall v. Taylor*, 57 Idaho 662, 67 P.2d 901 (1937), we stated:

> [T]he court finds that the right here quieted in respondent was acquired by *adverse possession and use*. An adverse right is not originated by consent but

rather against the will and without the consent of the true owner, and generally rests on an original trespass, which matures into a property right by reason of the true owner allowing the claimant or trespasser to continue the adverse use and possession uninterruptedly and with assertion of right until the statutory period has run, which bars the true owner from either asserting or defending his right to the property.

*Id*. at 668, 67 P.2d at 903. We stated that the adverse possession "*matures into a property right by reason of the true owner allowing the claimant or trespasser to continue the adverse use and possession uninterruptedly and with assertion of right until the statutory period has run.*" *Id*. (emphasis added). Thus, in *Cramer v. Walker*, 23 Idaho 495, 130 P. 1002 (1913), this Court held that if the adverse possessor had been "in the continuous adverse possession of the property from April 5, 1884, and had paid the taxes assessed against the property from April 5, 1884, and had paid the taxes assessed against the property continuously during that period of time, his claim by adverse possession had matured and ripened into title on the 5th of April, 1889." *Id*. at 499, 130 P. at 1003. Conversely, in *Smith v. Long*, 76 Idaho 265, 281 P.2d 483 (1955), an action for quiet title against the adverse possessor "was commenced thirty days before the expiration of the five year period of adverse possession, *which otherwise would have matured and perfected defendants' title*." *Id*. at 268–69, 281 P.2d at 485 (emphasis added). As a result, "as to the plaintiffs the period of adverse possession was interrupted by the filing of the complaint herein, and their rights as against the plaintiffs must be determined as of April 1, 1952 [the date the complaint was filed]." *Id*. at 269, 281 P.2d at 485.

Idaho law is clear that an adverse possessor does not acquire any interest in the real property adversely possessed until all of the requirements of Idaho Code section 5-210 have been established. The Plaintiffs had not acquired any interest in the strip of real property prior to the effective date of the amendment to Idaho Code section 5-210. Therefore, the application of the amendment to them does not impact any of their vested or already existing rights.

Because an adverse possessor does not acquire any interest in the real property adversely possessed until all of the requirements of Idaho Code section 5-210 have been met, the adverse possessor does not have a cause of action until that has happened. Thus, the Plaintiffs did not have a cause of action for adverse possession as of the effective date of the amendment. Since they had no interest in the strip of property and no cause of action for adverse possession of the real property, the amendment did not affect any of their rights.

The Plaintiffs argue that Idaho Code section 5-210 is a substantive statute of limitations rather than a procedural statute of limitations. Courts differ as to whether statutes of limitations are procedural or substantive. That is an issue that would be relevant for choice of law purposes, *Baxter v. Sturm, Ruger & Co.*, 644 A.2d 1297, 1299–300 (Conn. 1994), and some states hold that a procedural statute of limitations bars only the remedy while a substantive statute of limitations bars not only the remedy but the right itself. *Negron v. Llarena*, 716 A.2d 1158, 1160 (N.J. 1998). We need not address that issue because Idaho Code section 5-210 is not a statute of limitations.

A statute of limitations sets forth the time period within which an action may be commenced after the cause of action accrues. Idaho Code section 5-201 states, "Civil actions can only be commenced within the periods prescribed in this chapter *after the cause of action shall have accrued*, except when, in special cases, a different limitation is prescribed by statute." (Emphasis added.) "A statute of limitations is a declaration that no suit may be maintained on a cause of action unless the suit is brought within a specified period of time after the right has accrued, or in other words, a law that bars claims after a specified period." 51 Am. Jur. 2d *Limitation of Actions* § 2 (2011) (footnotes omitted).

Idaho Code section 5-210 does not set forth a time period within which a cause of action for adverse possession must be brought. It sets forth the elements that must be proved in order to have a cause of action for adverse possession. It creates a statutory cause of action for adverse possession.

At the time Idaho Code section 5-210 was amended, the Plaintiffs did not have a cause of action for adverse possession. The Plaintiffs have not argued or cited any authority stating that a legislative change to the elements of a statutory cause of action cannot apply to someone who does not yet have a cause of action under that statute.

An *inchoate right* is "[a] right that has not fully developed, matured, or vested." *Black's Law Dictionary* 765 (7th ed. 1999). In *Matter of Hidden Springs Trout Ranch, Inc.*, 102 Idaho 623, 636 P.2d 745 (1981), the appellant had filed an application for a water appropriation permit at a time when the applicable statute limited the Idaho Department of Water Resources to considering only four criteria in taking action on the permit. *Id*. at 623–24, 636 P.2d 745–46. While the application was pending, the legislature amended the statute to add a fifth criteria for the Department to consider, which could result in the denial of the application. *Id*. The district

court held that the amendment applied to the appellant, and it appealed contending that applying the amendment to a pending application was a retroactive application of the statute as amended. *Id.* at 624, 636 P.2d at 746. This Court disagreed.

It reasoned that filing the application for a permit did not grant the appellant any vested right because it only obtained an inchoate right which could ripen into a vested interest upon following the requirements of the statute. We stated: "We do not find that the mere initiation of the statutory process for water appropriation immediately grants the applicant vested rights in the water. The applicant gains but an inchoate right upon filing of the application which may ripen into a vested interest following proper statutory adherence." *Id*. at 625, 636 P.2d at 747. Therefore, the statutory amendment did not interfere with any vested right. "Accordingly, in the instant case, at the time the legislation in question was enacted, the status of the appellant had progressed no further than that of an applicant with a pending application. Appellant therefore possessed no vested right which could be interfered with by application of the legislation." *Id*. This Court upheld the district court's holding that the statutory amendment adding a fifth criteria to consider when reviewing the appellant's application for a permit applied to the consideration of that application. *Id.*

The Plaintiffs had, at most, an inchoate right when the amendment to Idaho Code section 5-210 became effective. As such, the statutory amendment did not affect any vested right or constitute a retroactive application of the statute.

### III.
### Conclusion.

We affirm the judgment of the district court, and we award Respondent costs on appeal.

Chief Justice BURDICK, and Justices JONES, HORTON and BRODY **CONCUR.**

5