# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 51402

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

LEA ANNE EATON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)

Boise, September 2024 Term

Opinion filed: December 5, 2024

Melanie Gagnepain, Clerk

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Roger B. Harris, District Judge.

The judgment of the district court is <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP, Boise, for Appellant. Dennis Benjamin argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Mark Olson argued.

_____

MOELLER, Justice.

This consolidated appeal concerns a change in law that occurred after a defendant was arrested and charged with burglary, Idaho Code section 18-1401, a felony. The State alleged that Lea Anne Eaton used discarded Walmart receipts to deceptively "return" items she had stolen from Walmart for a refund. Shortly after she was charged, a new criminal statute became effective, which created a misdemeanor offense known as "commercial burglary." I.C. § 18-1401A. Eaton filed a motion seeking to reduce her felony charge of burglary to commercial burglary under the new statute. The district court denied the motion.

After Eaton entered a conditional guilty plea that reserved her right to appeal the denied motion, the district court imposed a unified ten-year sentence with four years fixed. Eaton appealed. Eaton then filed a motion seeking reconsideration of the denial of her motion to reduce the charge and permission to withdraw her guilty plea pursuant to Idaho Criminal Rule 33(c). Both requests were denied. Eaton later filed a motion pursuant to Idaho Criminal Rule 35(a) to correct an illegal sentence, which the district court also denied. Eaton again appealed. Both appeals were

1

consolidated and assigned to the Idaho Court of Appeals. After the Court of Appeals upheld Eaton's conviction and sentence, Eaton filed a Petition for Review, which this Court granted. For the reasons stated below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The State alleges that on or about January 3, 2020, Eaton used discarded Walmart receipts to return items that she had stolen from the shelves for cash and a gift card in amounts totaling $90.57. At the time of her arrest, Eaton possessed 16 other discarded receipts, which she later admitted that she intended to use for the same purpose. Eaton was charged with burglary, a felony under Idaho Code section 18-1401, and petit theft, a misdemeanor under Idaho Code section 18-2403. After Eaton waived her right to a preliminary hearing, the State filed an Information on February 12, 2020. Eaton pleaded not guilty to both charges. The district court initially scheduled her jury trial for June 24, 2020; however, the trial was later continued until January 5, 2021.

While these proceedings were ongoing, the Idaho Legislature passed Idaho Code section 18-1401A, which became effective on July 1, 2020. The statute created the new crime of commercial burglary, providing that: "Every person who enters a commercial establishment during business hours with intent to commit any theft under three hundred dollars ($300) is guilty of commercial burglary." I.C. § 18-1401A. While a first and second conviction under the commercial burglary statute are misdemeanors, a third conviction would be a felony. *Id.*

At the same time, the legislature also amended the general burglary statute under Idaho Code section 18-1401. The statute originally stated:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, *store*, mill, barn, stable, outhouse, or other building, tent, vessel, vehicle, trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary.

I.C. § 18-1401 (2016) (emphasis added). The amended 2020 version stated:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, mill, barn, stable, outhouse, or *a building other than one defined in section 18-1401A, Idaho Code*, tent, vessel, vehicle, trailer, airplane, or railroad car with intent to commit any theft or any felony is guilty of burglary.

I.C. § 18-1401 (Supp. 2020) (emphasis added).

After these changes became effective, Eaton filed a motion to reduce her burglary charge under Idaho Code section 18-1401 to the misdemeanor charge of commercial burglary under Idaho Code section 18-1401A. The State opposed the motion. After hearing argument on the matter, the

district court denied Eaton's motion, concluding that the commercial burglary statute was not retroactive and that the State had the authority to bring charges against Eaton for any crime it reasonably believed was supported by probable cause at the time of the offense. Based on Eaton's criminal record, the State later filed an Amended Information adding a persistent violator enhancement to the existing charges under Idaho Code section 19-2514. Eaton's trial was continued until August 3, 2021.

While trial was pending, the Idaho Legislature again amended the commercial burglary and burglary statutes, with the changes taking effect on July 1, 2021. The commercial burglary statute was changed to state:

> *Any person who commits a burglary as defined in section 18-1401, Idaho Code*, with the intent to commit theft and the theft is from a commercial retailer during business hours and the amount of the theft is under three hundred dollars ($300) is guilty of commercial burglary.

I.C. § 18-1401A (Supp. 2021) (emphasis added). The general burglary statute was amended to state:

> *Every person who enters any* house, room, apartment, tenement, *store*, shop, warehouse, mill, barn, stable, outhouse, or a building, tent, vessel, vehicle, trailer, airplane, or railroad car with intent to commit any theft or any felony is guilty of burglary.

I.C. § 18-1401 (Supp. 2021) (emphasis added). Thus, the general burglary statute was amended to read the same way it did before the previous amendment, and the commercial burglary statute was amended to incorporate the requirements of the general burglary statute, while also enumerating a few additional elements.

Following these changes to the general burglary and commercial burglary statutes, Eaton and the State reached a plea agreement on July 26, 2021. Pursuant to the agreement, Eaton entered a conditional guilty plea to felony burglary under Idaho Code section 18-1401, reserving the right to appeal the earlier denial of her motion to reduce the charges. In exchange for her plea, the State agreed to a dismissal of the petit theft charge and the persistent violator enhancement. The district court followed the parties' stipulated sentencing recommendation and imposed a unified sentence of ten years with four years fixed and retained jurisdiction over the case.

Eaton timely appealed her conviction. While her appeal was pending, she filed a joint motion asking for (1) reconsideration of the denial of her motion to reduce the charge and (2) permission to withdraw her guilty plea pursuant to Idaho Criminal Rule 33(c). Both requests were

denied. Eaton then filed a motion under Idaho Criminal Rule 35(a) to correct an illegal sentence, arguing that the maximum sentence authorized for her actions was set by the new commercial burglary statute; therefore, her sentence under the felony burglary statute was illegal. The district court denied the motion. Eaton then filed a second notice of appeal, which included her initial appeal challenging the denial of the motion to reduce the charges and added an appeal of the denial of her Rule 35(a) motion. These appeals were subsequently consolidated and heard by the Court of Appeals, which affirmed the district court's decisions on both motions. This Court subsequently granted Eaton's petition for review.

## II. STANDARDS OF REVIEW

"[T]he interpretation of a statute is a question of law over which this Court exercises free review." *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 581, 416 P.3d 951, 953 (2018) (alteration in original) (citation omitted). Statutory interpretation begins "with the literal language of the statute, giving words their plain, usual, and ordinary meanings." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020) (citation omitted). "[P]rovisions are interpreted within the context of the whole statute, not as isolated provisions." *Id.* "[I]f statutory language is clear and unambiguous, [this] Court need merely apply the statute without engaging in any statutory construction." *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). Similarly, "[w]hether a sentence is illegal is a question of law which we review freely." *State v. Dana*, 137 Idaho 6, 8, 43 P.3d 765, 767 (2002).

When this Court considers a case on review from the Court of Appeals, we give serious consideration to the views of the Court of Appeals, but will review the district court's decision directly. *State v. Buehler*, 173 Idaho 643, ___, 547 P.3d 1203, 1206 (2024).

## III. ANALYSIS

### A. Eaton was properly charged with burglary and convicted under Idaho Code section 18-1401.

We first address whether the district court erred by denying Eaton's motion to reduce her felony burglary charge under Idaho Code section 18-1401A to a misdemeanor commercial burglary charge under Idaho Code section 18-1401A. When Eaton was first charged under Idaho Code section 18-1401, it was the only burglary statute applicable to her criminal conduct. However, Eaton maintains that she was entitled to have her charge reduced to misdemeanor commercial burglary in accordance with Idaho Code section 18-1401A, a statute enacted during the middle of the proceedings against her. In support of this argument, Eaton asserts that the

4

commercial burglary statute is retroactive in nature and applies to her conduct; therefore, she is entitled to the retroactive application of the statute's lesser sentence. For the reasons explained below, we disagree.

We have long held that "a statute is not applied retroactively unless there is clear legislative intent to that effect. In the absence of an express declaration of legislative intent that a statute apply retroactively, it will not be so applied." *State ex rel. Wasden v. Daicel Chem. Indus., Ltd.*, 141 Idaho 102, 105, 106 P.3d 428, 431 (2005) (internal quotation marks omitted) (quoting *Gailey v. Jerome County*, 113 Idaho 430, 432, 745 P.2d 1051, 1053 (1987)); *see also Cook v. Massey*, 38 Idaho 264, 269, 200 P. 1088, 1089 (1923). Likewise, Idaho Code section 73-101 directs that "[n]o part of these compiled laws is retroactive, unless expressly so declared." I.C. § 73-101.

In determining whether a statute is intended to be applied retroactively, courts must follow statutes as they are written. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 895, 265 P.3d 502, 508 (2011). "The interpretation of a statute 'must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written.' " *Id.* at 893, 265 P.3d at 506 (citation omitted). A statute is deemed retroactive if it creates, alters, expands, diminishes, or destroys vested rights or contractual duties that are performed or exist prior to the statute's enactment. *Engen v. James*, 92 Idaho 690, 694–95, 448 P.2d 977, 981–82 (1969); *Bryant v. City of Blackfoot*, 137 Idaho 307, 313, 48 P.3d 636, 642 (2002).

Here, the plain and unambiguous meaning of the words in the commercial burglary statute demonstrate that it is not retroactive. Nothing in the statute's text indicates, let alone expressly declares, that it applies retroactively. Instead, the statute uses language in the present and future tense, as opposed to the past tense, thereby supporting the State's view that the statute is prospective in nature. Nevertheless, Eaton maintains that section 18-1401A should retroactively apply to her conduct, entitling her to the lesser punishment it sets forth. In support of this proposition, Eaton points to a rule applied by the Court of Appeals in *State v. Morris*, 131 Idaho 263, 954 P.2d 681 (Ct. App. 1998), and later discussed by this Court in *State v. Tollman*, 162 Idaho 798, 405 P.3d 583 (2017).

In *Morris*, the Court of Appeals explained that: "When the [l]egislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was

too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act." *Morris*, 131 Idaho at 265–66, 954 P.2d at 683–84 (quoting *In re Estrada*, 408 P.2d 948, 951 (Cal. 1965) (en banc)). The court determined that "a defendant is entitled to benefit from an ameliorative sentencing amendment that took effect between the time the crime was committed and the time the judgment of conviction and sentence was entered." *Id.* at 265, 267 954 P.2d at 683, 685. Thus, even though the ameliorative sentencing amendment was not retroactive on its face, the court held that the defendant was entitled to the retroactive benefit of the lesser punishment established by the amendment. *Id.* Subsequently, this Court addressed a similar issue in *Tollman*. There, while we noted the analysis and reasoning of the Court of Appeals in *Morris*, we declined to apply such a rule in that instance because the defendant had already been convicted and sentenced *before* the ameliorative sentencing amendment had taken effect. 162 Idaho at 802–03, 405 P.3d at 587–88.

On appeal, Eaton contends that this case falls within the same category as *Morris* and *Tollman*, where the legislature amended a statute in order to lessen its punishment. Eaton argues that the commercial burglary statute here operates as an *ameliorative sentencing amendment* to the general burglary statute by carving out specific conduct from the general felony burglary statute and making it a misdemeanor. Thus, Eaton contends that she is entitled to the lesser sentence set forth in the commercial burglary statute, as her conduct falls within the conduct described by the commercial burglary statute. For the reason set forth below, we conclude that the commercial burglary statute here does not operate as a *sentencing amendment* at all; rather, the statute created an entirely new criminal offense.

In both *Morris* and *Tollman*, the legislature amended the penalties contained within the *same* statute under which the defendant was charged. *See generally Morris*, 131 Idaho 263, 954 P.2d 681; *Tollman*, 162 Idaho 798, 405 P.3d 583. This case presents a fundamentally different situation. Here, the legislature created a related but entirely new offense because the new offense contains separate and distinctive elements. In fact, the legislature did not amend the penalty associated with general burglary—the crime for which Eaton was charged and convicted—at all. Because the commercial burglary statute is an entirely new offense, it cannot be considered as an

6

ameliorative sentencing amendment to the general burglary statute. Therefore, Eaton's reliance on *Morris* and *Tollman* is misplaced.[1]

The fact that the commercial burglary statute creates a new offense is evident from the plain text of the statute:

> Any person who commits a burglary as defined in section 18-1401, Idaho Code, with the intent to commit theft and the theft is from a commercial retailer during business hours and the amount of the theft is under three hundred dollars ($300) is guilty of commercial burglary.

I.C. § 18-1401A. On its face, the statute contains additional and distinct elements from the general burglary statute. For example, while it still requires the State to prove all the elements of general burglary, it also contains four additional elements: that (1) the defendant intended to commit a theft, (2) from a commercial retailer, (3) during business hours, and (4) in an amount under $300. *Id.* These additional elements not only render commercial battery a new crime, but they also mean that commercial burglary cannot be considered a lesser included offense of general burglary. *See generally Blockburger v. United States*, 284 U.S. 299 (1932); *State v. Sanchez-Castro*, 157 Idaho 647, 339 P.3d 372 (2014).

We recognize that a defendant's conduct could simultaneously meet the criteria for both commercial burglary and general burglary, as it did here. However, the plain language of each statute allows for prosecutorial discretion in determining which crime the State charges the defendant. Eaton maintains that the legislature intended to limit the State's discretion by requiring the State to only charge defendants with commercial burglary when their conduct meets its elements; however, the plain language of the statute fails to restrict the State in such a manner. For example, while section 18-1401A applies to "any person" who commits a burglary *and* meets the additional statutory criteria, section 18-1401 continues to apply to "every person" who meets the criteria for burglary. In other words, instead of providing a mandatory "detour" for prosecutors to follow when charging a defendant, the current statutory scheme permits a prosecutor to select between one of two discretionary paths, allowing for either a misdemeanor or a felony to be pursued. While the wisdom of this approach may be up for debate, this is a relatively common

---

[1] In the underlying opinion for which we granted review, the Court of Appeals disavowed the rule it previously established in *Morris*, insofar as it conflicted with "*Verska*'s directive that a statute must be construed as written." *State v. Eaton*, Nos. 49434, 49944, 2023 WL 6560114, at *3 (Ct. App. Oct. 10, 2023). However, because Eaton's situation does not fall within the exception addressed in *Morris* and *Tollman*, this Court need not revisit the holding of those cases at this time.

occurrence in criminal law; indeed, the State often has considerable discretion to charge criminal defendants whose conduct might satisfy the elements of several different criminal offenses.

The bottom line is that Eaton was properly charged and convicted under Idaho Code section 18-1401, a statute that existed at the time of her criminal conduct and continues to exist presently. At all times during the proceedings against her, Eaton's criminal conduct squarely fell within the ambit of the burglary statute. Importantly, although the new crime of commercial burglary was subsequently created by the legislature, the general burglary statute was the only existing burglary statute under which Eaton could have been properly charged on January 3, 2020. Moreover, the penalty associated with the general burglary statute remained unchanged and was not amended or affected by the enactment of the commercial burglary statute. Even though the legislature created a new offense with a lesser punishment *after* Eaton committed her crime, the elements of which Eaton's conduct may also happen to satisfy, this does not entitle Eaton to a reduction in her existing charge. Therefore, we conclude that the district court did not err in denying Eaton's motion to reduce her charge.

## B. Eaton's sentence was not illegal.

Eaton argues that the district court erred in denying her Idaho Criminal Rule 35(a) motion to correct an illegal sentence because she was entitled to be sentenced in accordance with the commercial burglary statute, rather than the general burglary statute. She argues that her sentence exceeded the maximum punishment permitted by the commercial burglary statute, thereby rendering it illegal. Because we have determined that Eaton was properly charged and convicted under the general burglary statute, she was not entitled to the lesser penalty established in the commercial burglary statute. Accordingly, we conclude that the district court did not err in denying Eaton's Rule 35(a) motion.

## IV. Conclusion

For the reasons set forth above, Eaton's judgment of conviction and the order denying her Rule 35(a) motion are affirmed.

Chief Justice BEVAN and Justices BRODY, ZAHN, and MEYER CONCUR.